IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 08-20255 |
| VINCENT BRITTON, a/k/a "VINCENT JEFFERSON," | ) |  |
| Defendants. | ) |  |

---

### ORDER DENYING MOTION TO BIFURCATE TRIAL
---

On July 30, 2008, Defendant Vincent Britton was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (D.E. # 1). Before the Court is Defendant's September 2, 2008 Motion to Bifurcate Trial (D.E. # 16). The United States has responded, and this motion is now ripe for disposition. For the following reasons, the motion is **DENIED**.

### BACKGROUND

Defendant was charged in a one count indictment for violation of 18 U.S.C. § 922(g) for being a felon in possession of a firearm (Def.'s Mot. to Bifurcate Trial 1). Specifically, Defendant asks that:

> In the initial stage of said trial, the government should be required to prove beyond a reasonable doubt that the Defendant did knowingly possess, in and effecting commerce, a firearm. If the jury concludes that the government has proven those elements beyond a reasonable doubt, then at the second stage of the trial the issue as to whether or not the Defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, should be submitted for the jury's consideration (*Id.*)

1

## ANALYSIS

This case seems to present the issue of whether introducing evidence of Defendant's prior conviction would prejudice the jury's assessment of the possession element of the felon-in-possession charge.[1] The Sixth Circuit addressed the appropriateness of bifurcation under these circumstances in *United States v. Underwood*[2] and adopted the rule announced by the Ninth Circuit in *United States v. Barker*.[3]

In *Barker* the district court granted a defendant's motion to bifurcate the elements of a felon-in-possession charge.[4] On appeal the Ninth Circuit reversed, stating:

> Any other holding would have three impermissible results. First, if the jury did not return a guilty verdict on the possession portion of the crime, the government would be precluded from proving an essential element of the charged offense. Second, a bifurcated proceeding would withhold from the jury all knowledge of the prior felony element of the crime. Third, the bifurcation order would require omitting an element of the charged offense from the jury instructions. A district court may not eliminate an element of the crime charged.[5]

Furthermore, in adopting the *Barker* reasoning, the Sixth Circuit recognized that "[m]ost other

---

[1] Although Defendant does not explicitly state this in the instant Motion, Defendant does explain:

> [T]he Defendant maintains that under his due process rights he is entitled to have a jury determine his guilt or innocence fairly and impartially. The Defendant maintains that the proper way to proceed is to require the government at trial to prove the Defendant's guilt beyond a reasonable doubt in a bifurcated trial (Def.'s Mot. to Bifurcate Trial 1).

[2] 97 F.3d 1453, 1996 WL 536796 (6th Cir. 1996).

[3] *Underwood*, 1996 WL 536796, at **6 (*citing United States v. Barker*, 1 F.3d 957 (9th Cir. 1993)) (stating "[a]lthough this court has not previously adopted [*Barker*'s] rule, we do so today").

[4] *Barker*, 1 F.3d at 958.

[5] *Underwood*, 1996 WL 536796, at **6 (*quoting Barker*, 1 F.3d at 958).

circuits follow the *Barker* rule."[6]

---

[6] *Id.* (*citing United States v. Jacobs*, 44 F.3d 1219, 1233 (3d Cir.), *cert. denied*, 514 U.S. 1101 (1995); *United States v. Gilliam*, 994 F.2d 97, 101-02 (2d Cir.), *cert. denied*, 510 U.S. 927 (1993); *United States v. Birdsong*, 982 F.2d 481, 482 (11th Cir.), *cert. denied*, 508 U.S. 980 (1993); *United States v. Collamore*, 868 F.2d 24, 27 (1st Cir. 1989); *United States v. Aleman*, 609 F.2d 298, 310 (7th Cir. 1979), *cert. denied*, 445 U.S. 946 (1980); *United States v. Brinklow*, 560 F.2d 1003, 1006 (10th Cir. 1977), *cert. denied*, 434 U.S. 1047 (1978)).

*But see United States v. Moore*, 376 F.3d 570 (6th Cir. 2004). In *Moore* the Sixth Circuit stated that "[a]lthough *Barker* appears to announce the rule that a felon-in-possession count 'may not' be bifurcated at all, other decisions of the Ninth Circuit seem to limit that principle to cases involving only a single felon-in-possession charge." *Id.* at 573 (*citing United States v. Nguyen*, 88 F.3d 812, 817-18 (9th Cir. 1996). Although, the court specifically stated that *Moore* did not reach the issue of whether the *Barker* rule should be limited to only a single felon-in-possession count, as they found "independently relevant" evidence disallowing bifurcation, their analysis is insightful. *Id.* at 573-74. Arguably, because the Sixth Circuit did not reach the issue of whether the *Barker* rule means a felon-in-possession charge should never be bifurcated, or whether application should be limited to situations involving only a single felon-in-possession count, the Sixth Circuit may have implied that at least in situations involving a single felon-in-possession charge (such as the current case) bifurcation is improper. *See id.*

Additionally, the Sixth Circuit's reliance on *United States v. Nguyen* for the proposition that the Ninth Circuit has limited the *Barker* rule seems somewhat confusing. In *Nguyen* the defendant was charged with conspiracy to transfer an unregistered shotgun, from which the serial number had been removed, aiding and abetting the transfer of the shotgun, and being a felon-in-possession of a firearm. 88 F.3d at 814. Regarding the felon-in-possession charge, the Defendant proposed that the prior felony element be bifurcated from the possession element. *Id.* at 818. Relying on the holding in *Barker*, the Ninth Circuit stated: "[w]e have held that a district court cannot bifurcate a trial to separately consider whether a defendant was a felon and whether he possessed a gun because, 'proof of the felony conviction is essential to the proof of the offense.'" *Id.* (*quoting Barker*, 1 F.3d at 959). The Ninth Circuit went onto state:

> There are various legitimate reasons for not allowing bifurcation of the offense of being a possession of a firearm into separate proceedings. First of all, the "government would be precluded from proving an essential element of the charged offense, and the district court would breach its duty to instruct the jury on all the essential elements of the crime charged." Secondly, "the district court's bifurcation order might unfairly confuse the jury, prompting it to exercise its power of nullification on the warranted belief that the defendant was charged for noncriminal conduct." Additionally, separate proceedings would put a strain on judicial economy and require additional resources for duplicative proceedings. *Id.* (*quoting Barker*, 1 F.3d at 959 n.3).

3

For example, in *United States v. Williams*, the Third Circuit encountered a similar situation regarding a defendant charged with receipt of a firearm by a convicted felon.[7] In *Williams* the issue was whether the government was required to agree to a stipulation of the defendant's prior conviction, and thus, preclude any mention of it to the jury.[8] In holding that agreement was not required, the Third Circuit stated:

> First, we perceive no authority for counsel or the court to modify a criminal statute enacted by Congress by eliminating through stipulation one of the elements of the crime. But even if the proffered stipulation did not go so far as to constitute the modification of a criminal statute, "The Government was not required to accept a judicial admission of the defendant but had a right to proffer proof on the point admitted."[9]

Additionally, bifurcation of the felon-in-possession elements raises concerns about jury nullification.[10] For example in *United States v. Collamore*, the First Circuit stated:

> [W]hen a jury is neither read the statute setting forth the crime nor told of all the elements of the crime, it may, justifiably, question whether what the accused did was a crime.... Possession of a firearm by most people is *not* a crime. A juror who owns or who has friends and relatives who own firearms may wonder why [the defendant's] possession was illegal. Doubt as to the criminality of [the defendant's] conduct may influence the jury when it considers the possession element.[11]

Lastly, like the Defendant in *Barker*, Defendant Britton seems to misunderstand the

---

[7] *United States v. Williams*, 612 F.2d 735, 740 (3d Cir. 1979), *cert. denied*, 445 U.S. 934 (1980).

[8] *Id.*

[9] *Id.*; *see also United States v. Jacobs*, 44 F.3d 1219, 1223 (3d Cir. 1995).

[10] *Barker*, 1 F.3d at 959 (stating a "bifurcation order might unfairly confuse the jury, prompting it to exercise its power of nullification on the unwarranted belief that the defendant was charged for noncriminal conduct").

[11] *Collamore*, 868 F.2d at 28 (alterations in original).

nature of prejudicial evidence.[12]  In *Barker* the Ninth Circuit pointed out that:

> Evidence is prejudicial only when it has an additional effect on a defendant beyond tending to prove the fact or issue that justified its admission.  A prior conviction is not prejudicial when it is an element of the charged crime.  Proof of the felony conviction is essential to the proof of the offense–be it proof through stipulation or contested evidence.  The underlying facts of the prior conviction are completely irrelevant under 18 U.S.C. § 922(g)(1); the existence of the conviction itself is not.[13]

It appears to the Court that the same could be said for the issue presented in the instant motion.

Thus, by virtue of the rule laid out in *United States v. Barker* and the Sixth Circuit's adoption of that rule in *United States v. Underwood*, the Court finds that bifurcation of the elements of the felon-in-possession charge in the instant case would be improper.[14]

## CONCLUSION

Because the Court finds the rule against bifurcation of felon-in-possession charges, as adopted in *United States v. Underwood*, applicable to the issue presented by Defendant Britton, Defendant's Motion to Bifurcate is **DENIED**.

**IT IS SO ORDERED.**

    s/ S. Thomas Anderson
    S. THOMAS ANDERSON

---

[12] Although Defendant does not couch the issue in terms of "prejudicial evidence," he does complain about the possible effects introduction of his prior conviction may have on the closely related concepts of fairness and impartiality (Def.'s Mot. to Bifurcate Trial 1).

[13] *Barker*, 1 F.3d at 959 n.3.

[14] *Underwood*, 1996 WL 536796, at **6 (*quoting Barker*, 1 F.3d at 958).  Although the Sixth Circuit has hinted that the *Barker* rule later may be limited to cases involving only a single felon-in-possession count, as opposed to precluding bifurcation for all felon-in-possession counts, such a limitation would be inapplicable to the case at bar, since Defendant has been indicted for only a single felon-in-possession charge.  *Moore*, 376 F.3d at 573-74.

UNITED STATES DISTRICT JUDGE

Date: October 3rd, 2008.